IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MICHELLE MARCOWKA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **KCA FINANCIAL SERVICES, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

NOW COMES the Plaintiff, MICHELLE MARCOWKA, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, KCA FINANCIAL SERVICES, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. MICHELLE MARCOWKA, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of New Lennox, County of Will, State of Illinois.

1

5. KCA FINANCIAL SERVICES, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is incorporated in the State of Illinois

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff to a hospital.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## IV. ALLEGATIONS

9. On or about December 28, 2009 Plaintiff received a telephone call from "Carmen" a duly authorized representative of Defendant, who stated that she was calling to collect a debt allegedly owed by Plaintiff to a hospital

10. The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services.

11. In said conversation, Plaintiff told Defendant that she was represented by an attorney and that she should no longer receive calls from Defendant.

12. Plaintiff attempted to tell Defendant the name of her attorney, however the Defendant representative proceeded to loudly talk over Plaintiff in an attempt to drown out Plaintiff's attempts to provide her attorney's name and number.

13. Defendant's representatives placed additional calls to Plaintiff on December 29, 2009 and January 5, 2010; on January 5th, Defendant called Plaintiff's number three (3) times.

14. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with the consumer after the debt collector knew the consumer was represented by an attorney with regards to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address and said attorney did not fail to respond within a reasonable period of time to communications from the debt collector, in violation of 15 U.S.C. §1692b(6);

   b. Communicated with the consumer despite knowing that the consumer was represented by an attorney with respect to the debt allegedly owed by Plaintiff and said attorney had not consented for Defendant to have direct communication with Plaintiff in violation of 15 U.S.C. §1692c(a)(2);

   c. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   d. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

   e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

15. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

16. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MICHELLE MARCOWKA, by and through her attorneys, respectfully prays for judgment as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

   c. Plaintiff's attorneys' fees and costs;

      d.    Any other relief deemed appropriate by this Honorable Court.

                                              Respectfully submitted,
                                              **MICHELLE MARCOWKA**

                                By:   s/ David M. Marco
                                        Attorney for Plaintiff

<u>Dated: February 13, 2010</u>

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithlaw.us